<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRADLEY C. PETERSON,** | : | Civil Action No.: 11-2594 (FLW) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| | : | AND ORDER |
| **A. MATLOCK, JR., et al.,** | : | |
| Defendants. | : | |

<u>**ARPERT, U.S.M.J**</u>

**I.    INTRODUCTION**

This matter having come before the Court on a Motion by Defendants A. Matlock, Jr. ("Matlock"), R. Lewis ("Lewis"), and R. Perkins ("Perkins") (collectively, "Served Defendants") to stay this proceeding pending the outcome of an ongoing criminal investigation, indictment, and proceedings [dkt. entry no. 32], returnable November 7, 2011.  No opposition was filed by Plaintiff. For the reasons stated herein, Served Defendants' Motion to stay this proceeding is granted subject to Defendants SCO. Albanese ("Albanese"), Sgt. K. Newsom ("Newsom") (improperly pled as "Newsome"), and S. Alaimo ("Alaimo") (collectively, "Unserved Defendants") being served.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 6, 2011, Plaintiff filed a Complaint alleging that he was assaulted by certain New Jersey State Prison ("NJSP") Correction Officers – all of the named defendants – on July 13, 2011. *See* Pl.'s Compl., dkt. entry no. 1 at 10.  On July 29, 2011, Matlock, Lewis, and Perkins were served with a Summons and a copy of the Complaint.  *See* dkt. entry no. 11.  Served Defendants were granted a Clerk's extension of time within which to answer, move, or otherwise reply to the

Complaint until September 2, 2011 (*see* dkt. entry no. 14) and, thereafter, the Court granted a further extension until October 6, 2011 (*see* dkt. entry no. 26). Although Albanese, Newsom, Alaimo were named defendants in the Complaint (*see* dkt. entry no.1), and although the Court issued an Order allowing Plaintiff to proceed against Unserved Defendants (*see* dkt. entry no. 3), to date service has not been effected on Albanese, Newsome, or Alaimo because they were/are "not employed at...[NJSP]" (*see* dkt. entry nos.12 & 19). On October 6, 2011, Served Defendants filed the present Motion to stay this proceeding pending the outcome of an ongoing criminal investigation, indictment, and proceedings. [dkt. entry no. 32]

The Court notes that on March 25, 2011, "a Mercer County grand jury returned an indictment charging...Alaimo and...Newsom in connection with an alleged assault of Plaintiff at NJSP on July 13, 2010 (*State v. Lieutenant Stephen Alaimo and Sergeant Kevin Newsom*, Indictment No.: 10-3765-01)". *See* Def.'s Cert. of Daniela Ivancikova ("Ivancikova"), dkt. entry no. 32-2 at 2; *see also* Def.'s Br., dkt. entry no. 32-1 at 3. "The alleged assault is the subject matter of the civil matter at issue". *Id*. Presently, "the Prosecutor's Office will not release any information or documents from their investigation file until after the investigation and any resulting criminal proceedings are concluded". *Id*. "This is so despite the pending civil litigation regarding the identical matter" because "[p]remature release of...information could hamper the criminal proceedings". *See* Def.'s Br. at 3. As a result, the State of New Jersey Attorney General's Office ("AG's Office") "cannot obtain the requested information and documents necessary to determine whether representation should be granted to [Served and/or Unserved] Defendants". *Id*. at 4. For this reason, Served Defendants – through the AG's Office as their potential counsel – move "for a stay of this matter until resolution" of the underlying criminal matter. *Id*.

      **A.**      <u>**Served Defendants' Arguments in Support of the Motion to Stay**</u>

           **1.**      **The interests of justice require that this civil suit be stayed pending the outcome of the on-going parallel criminal investigation and proceedings.**

Served Defendants maintain that "[a] stay promotes efficiency and fairness...because...[the AG's Office] cannot determine whether representation should be granted to the [Served and/or Unserved] Defendants until counsel has access to the relevant documents" and "the parties will not be able to proceed with discovery, obtain the documents generated by the Mercer County Prosecutor's Office's investigation, or take depositions until the criminal investigation and proceedings are concluded". *See* Def.'s Br. at 4-5. Citing *Walsh Secs., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998), *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970), *Tucker v. N.Y. Police Dept.*, 2010 WL 703189, at *6 (D.N.J. 2010), *Estes-El v. Long Istland Jewish Medical Center*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995), and *Telfair v. Tandy*, 2008 U.S. Dist. LEXIS 83462 (D.N.J. 2008), Served Defendants contend that the "court has discretion to stay a case if the interests of justice require it" and that "it is well settled that the court may...stay a...1983 action until resolution of parallel state court criminal proceedings". *Id.* at 5. Citing *Walsh Secs.*, 7 F. Supp. 2d at 526, Served Defendants note that "[i]n determining whether to grant a stay, the Court should consider the following factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest". *See* Def.'s Br. at 5-6.

Served Defendants note that "the incident that is the subject of the allegations in Plaintiff's

3

Complaint is also the subject of an on-going criminal investigation". *Id*. at 6. Specifically, Plaintiff "alleges that on July 13, 2010...he was assaulted by...Matlock and Lewis while he was going outside for recreation" and further "alleges that an emergency code was called in response to the altercation and...Perkins, Newsom, Alaimo, and other officers responded to the code and participated in assaulting him". *Id*. Served Defendants also note that "Alaimo and...Newsom have been indicted in connection with the events that took play on July 13, 2010". *Id*. Served Defendants argue that the "the criminal investigation and proceedings pertain to the identical set of circumstances as does the instant civil matter", that "two of the defendants in this matter have been indicted", and therefore that the criminal and civil cases "overlap entirely". *Id*. Served Defendants maintain that "[a] stay is necessary so that...[the AG's Office] can obtain the requested information and documents necessary to determine whether representation should be granted to [any of] the defendants" and "is also necessary so that the defendants can adequately and properly defend themselves in this matter". *Id*. at 6-7. "Without the ability to obtain the records and other materials from the criminal investigation, the parties cannot proceed with initial discovery". *Id*. at 7. Further, "while the criminal investigation and proceedings are on-going, the parties' Fifth Amendment rights will prohibit them from engaging in any meaningful discovery". *Id*. Finally, Served Defendants contend that "a stay will not prejudice Plaintiff because he has the same interest in engaging in the meaningful exchange of discovery". *Id*.

### III. DISCUSSION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance". *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)(*citing Kansas City Southern Ry. Co. v. U.S.*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)). "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted". *Id*. at 256. Specifically, "a United States district court has broad power to stay proceedings". *Bechtel Corp. v. Laborers' International Union*, 544 F.2d 1207, 1215 (3d. Cir. 1976). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues". *Id*. (*see also American Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937)). However, "it is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity', if there is 'even a fair possibility' that the stay would work damage on another party". *Gold v. Johns-Mansville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983)(*citing Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances". *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998); *see also Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc*., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). The factors to be considered in deciding whether to grant a stay include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden

on defendants; 5) the interests of the court; and 6) the public interest". *Walsh,* 7 F. Supp. 2d at 527; *see also Transworld*, 886 F. Supp. at 1139. "The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay'". *Walsh,* 7 F. Supp. 2d at 527(*quoting* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). "The state of the parallel criminal proceeding may also substantially affect the determination of whether a stay is warranted [as] 'the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned...[due to] the potential for self-incrimination'". *Walsh,* 7 F. Supp. 2d at 527(*quoting Parallel Proceedings*, 129 F.R.D. at 203). Based upon the fact that "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, preindictment requests for a stay are generally denied". *Walsh,* 7 F. Supp. 2d at 527; *see also United States v. Private Sanitation Indus. Ass'n*, 811 F. Supp. 802, 805 (E.D.N.Y. 1992). "However, each case must be evaluated individually...[and] it is 'still possible' to obtain a stay...if the Government is conducting an active parallel criminal investigation". *Walsh,* 7 F. Supp. 2d at 527(*quoting Parallel Proceedings*, 129 F.R.D. at 204); *see also Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 38 (S.D.N.Y. 1993).

Importantly, "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment does not preclude the inference where the privilege is claimed by a party to a civil cause". *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976). However, "a court may nevertheless exercise its discretion to stay the civil case in the interests of justice". *Walsh,* 7 F. Supp. 2d at 528. The Court also notes that the Third Circuit does not recognize "the availability of a blanket fifth amendment privilege [but] in no way limit[s] the scope of an individual's fifth amendment rights...".

*National Life Ins. Co. v. Hartford Accident & Indemnity Co.*, 615 F.2d 595, 600 (3d Cir. 1980); *see also Hoffman v. United States*, 341 U.S. 479, 486-87 (1951).

### 1.    Similarity of Issues

With respect to similarity of issues between the civil case and criminal investigation, although perfect symmetry does not exist, the Court finds that the evidence presented by Served Defendants demonstrates significant overlap in this instance. Plaintiff's civil action alleges that he was attacked and assaulted by certain NJSP Correction Officers – all of the named defendants – on July 13, 2010 while going outside for recreation. *See* Pl.'s Compl. at 10. Similarly, based upon the representations of the AG's Office, a Mercer County grand jury returned an indictment charging Alaimo and Newsom in connection with an alleged assault of Plaintiff at NJSP on July 13, 2010. *See* Def.'s Br. at 3. In both instances, the allegations relate to a July 13, 2010 alleged attack and assault on Plaintiff by certain NJSP Correction Officers. While the specifics of the criminal investigation have yet to be fully elucidated, the information presented to the Court indicates that this factor weights in favor of a stay.

### 2.    Stage of Parallel Criminal Investigation

With respect to the status of the parallel criminal investigation, Alaimo and Newsom have already been indicted. *See* Def.'s Cert. of Ivancikova at 2. Further, the Prosecutor's Office is conducting an ongoing investigation into the underlying criminal matter "and will not release any information or documents from their...file until after the investigation and any resulting criminal proceedings are concluded... ." *Id*. Given the fact that Alaimo and Newsom have already been indicted and may assert their Fifth Amendment privilege in the underlying criminal matter or in this civil matter, and given that any of the Served and/or Unserved Defendants may also do the same as

the underlying criminal matter moves forward or as discovery moves forward in this civil matter, this factor also weighs in favor of a stay.

### 3. Prejudice to Plaintiff

The Court notes that Plaintiff has not submitted any opposition to the Motion. Should the underlying criminal matter result in conviction of Alaimo or Newsom or a guilty plea by Alaimo or Newsom, Plaintiff's case may in fact be bolstered. Should the underlying criminal matter be dismissed or result in acquittal, Plaintiff's case will be no worse off than it is presently. Although the Court acknowledges that Plaintiff's civil matter may be delayed, given that Plaintiff has not opposed this Motion, *in toto* the Court finds that this factor weighs in favor of a stay.

### 4. Burden on Defendants

With respect to the burden on Served and/or Unserved Defendants, the Court finds that this factor weighs in favor of a stay. As outlined above, the AG's Office is unable to complete its investigation into whether any of the defendants are entitled to representation. Should this civil matter proceed, Served and/or Unserved Defendants may be placed in the position of waiving their Fifth Amendment privilege in order to defend this matter and thereby suffer detrimental consequences in the underlying criminal matter. Oppositely, the underlying criminal matter proceed against any/all of the defendants, Served and/or Unserved Defendants may be placed in the position of asserting their Fifth Amendment privilege in order to protect themselves with respect to the underlying criminal matter and thereby subject themselves to adverse inferences in this civil matter. Based upon the information presently available to the Court, neither Served nor Unserved Defendants have waived their Fifth Amendment privilege. Accordingly, this factor weighs in favor of a stay.

5. **Interests of the Court**

With respect to the interests of the Court, while the Court acknowledges the seeming inefficiency associated with an indefinite stay given the fact that the underlying criminal matter remains ongoing, the provision of regular progress updates will minimize the Court's concern in this regard. Further, the Court finds that the possibility of Served and/or Unserved Defendants' assertion of their Fifth Amendment privilege in response to discovery requests and deposition may "burden the Court with deciding a constant stream of privilege issues". *Walsh,* 7 F. Supp. 2d at 528-29. This is to say nothing of the possibility of significant liability apportionment issues assuming some defendants choose to assert their Fifth Amendment privilege while others do not. The Court finds that this factor weighs in favor of a stay.

6. **Public Interest**

With respect to the public interest, although Plaintiff may be asked to wait to allow this litigation to take its course, the Court finds that allowing the underlying criminal matter to come to a complete, unimpeded conclusion outweighs any prejudice that may occur as a result of delay in this matter. Accordingly, the Court finds that this factor weighs in favor of a stay.

IV. **CONCLUSION AND ORDER**

The Court having considered the papers submitted, and for the reasons set forth above;

**IT IS** on this 7th day of November, 2011

**ORDERED** that Served Defendants' Motion to stay this proceeding pending the outcome of an ongoing criminal investigation, indictment, and proceedings [dkt. entry no. 32] is **GRANTED** subject to the Unserved Defendants being served; and it is further

**ORDERED** that, with respect to Albanese, Newsom, and Alaimo, the AG's Office is

directed to provide Plaintiff with each of the Unserved Defendants' last known addresses and/or the name of appropriate agents for service together with those agents' addresses – to the extent that this information is in the possession of the AG's Office – by **November 11, 2011** in a letter copied to the Court; and it is further

    **ORDERED** that defense counsel shall provide the Court with progress reports regarding the criminal investigation on a bi-monthly basis starting **January 2, 2012**; and it is further

    **ORDERED** that defense counsel shall notify the Court within ten (10) days of any update, indictment, or disposition of the criminal investigation.

                                          s/ *Douglas E. Arpert*
                                          **DOUGLAS E. ARPERT**
                                          **UNITED STATES MAGISTRATE JUDGE**