NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRADLEY C. PETERSON,

        Plaintiff,

v.

ALBERT MATLOCK, REGINALD LEWIS, DAMIEN ALBANESE, SERGEANT KEVIN NEWSOME, LIEUTENANT STEPHEN ALAIMO, SERGEANT MARK PERKINS, ADMINISTRATOR CHRISTOPHER HOLMES, CHRISTOPHER ISRAEL, NATHAN GUNDY, DANIEL POWELL, M. LASHLEY, J. BARNES, III, P. FISHER,

        Defendants.

Civ. No. 11-2594

**MEMORANDUM OPINION AND ORDER**

THOMPSON, U.S.D.J.

This matter having come before the Court upon Plaintiff's motion for partial relief from the August 30, 2016 summary judgment order pursuant to Federal Rule of Civil Procedure 60(a), filed November 27, 2017 (ECF No. 216); and the Court having decided this motion based upon the written submission of Plaintiff pursuant to Local Civil Rule 78.1(b);

IT APPEARING THAT Judge Freda Wolfson granted Defendants' motion for summary judgment in part and denied the motion in part on August 30, 2016 (ECF No. 152); and it further

APPEARING THAT Plaintiff moves for relief as to Judge Wolfson's entry of judgment for Defendants on Plaintiff's claims for conspiracy under both 42 U.S.C. § 1983 and the NJCRA, and supervisory liability as to Defendant Lt. Alaimo (ECF No. 215); and it further

1

APPEARING THAT Plaintiff does not present cognizable grounds upon which the Court can grant relief, *Malik v. Hannah*, 2012 WL 359747, at *5–*6 (D.N.J. Feb. 6, 2012), because relief from judgment pursuant to Rule 60(a) "is limited to the correction of 'clerical mistakes'" that are "mechanical in nature" and should not involve alleged errors of substantive judgment by the Court or change the substantive rights of the parties, *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005) (internal citation omitted); and it further

APPEARING THAT although there are no facial time constraints for a motion for relief under Rule 60(a), *cf.* Fed. R. Civ. P. 60(c), the Court takes note that the timeframe in which Plaintiff has filed this motion, nearly 17 months after Judge Wolfson's Opinion and Order (ECF Nos. 152, 153), is unreasonable and will cause significant prejudice to Defendants; and it further

APPEARING THAT Plaintiff docketed this motion as a motion for reconsideration, and while a motion for reconsideration concerns relief under Rule 59(e), if the Court construes this filing as such, Plaintiff has filed a patently untimely motion that the Court cannot consider under Local Civil Rule 7.1(i) (requiring moving parties to submit a motion for reconsideration within 14 days of the entry of the order or judgment on the original motion);

IT IS on this 29th day of November 2017,

ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J

2